**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KERMIT CEASAR, | **Hon. Jerome B. Simandle** |
| Petitioner, | |
| v. | Civil Action No. 09-3324 (JBS) |
| J. GRONDOLSKY, etc., | **OPINION** |
| Respondents. | |

**APPEARANCES:**

    KERMIT CEASAR, #01572-049
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

Kermit Ceasar filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence. Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner challenges a 262-month sentence imposed by the United States District Court for the District of New Hampshire on December 17, 2002, and amended on December 29, 2008, based on his guilty plea to distribution of crack cocaine and conspiracy to distribute and to possess with intent to distribute crack cocaine.  See United States v. Ceasar, Crim. No. 02-0022 (JD)

(D.N.H. filed Feb. 28, 2002).  Petitioner appealed, and the Court of Appeals for the First Circuit affirmed on July 29, 2003.  See United States v. Ceasar, C.A. No. 02-2696 (1st Cir. July 29, 2003).

Petitioner thereafter filed two motions to vacate the sentence pursuant to 28 U.S.C. § 2255.  On February 17, 2004, Petitioner filed his first § 2255 motion, claiming that the plea was not knowing and voluntary, the government breached the plea agreement, and counsel was ineffective.  Judge DiClerico denied the motion on May 12, 2004.  See Ceasar v. United States, Civ. No. 04-0058 (JD) order (D.N.H. May 12, 2004).  On March 4, 2005, the First Circuit denied a certificate of appealability.  See Ceaser v. United States, C.A. No. 04-1885 (1st Cir. Mar. 4, 2005).

On June 22, 2007, Petitioner filed a motion in the sentencing court to withdraw his guilty plea or to be resentenced in accordance with his understanding of the plea agreement.  By Order filed June 29, 2007, Judge DiClerico construed the motion as a § 2255 motion and dismissed it as a prohibited successive motion.  See Ceasar v. United States, Civ. No. 07-0196 (JD) order (D.N.H. June 29, 2007).  On March 18, 2008, the First Circuit determined that the district court had properly characterized the application as a successive § 2255 motion, and the court denied Petitioner's request to file a successive § 2255 motion in the

sentencing court.  See Ceasar v. United States, C.A. No. 07-2144 mandate (1st Cir. Mar 18, 2008).

On February 19, 2008, the Clerk of the United States District Court for the District of New Hampshire issued a notice of Petitioner's potential eligibility for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  By Order entered December 29, 2008, Judge DiClerico granted a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reduced Petitioner's term of imprisonment from 324 months to 262 months.  On January 12, 2009, Petitioner filed a motion asking Judge DiClerico to reconsider the 262-month term and to impose a sentence of 180 months, pursuant to United States v. Booker, 543 U.S. 220 (2005), because drug quantity was not charged in the indictment, proved beyond a reasonable doubt, or admitted by Petitioner.  Judge DiClerico denied the motion on February 3, 2009.  Petitioner appealed, but the appeal was voluntarily dismissed on July 30, 2009.  See United States v. Ceasar, C.A. No. 09-1271 mandate (1st Cir. July 30, 2009).

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence on the following grounds:

> Ground One: Whether the Petitioner was denied his right to counsel by pleading guilty to count one of the indictment, which was in violation of the Fifth and Sixth Amendment[s] of the U.S. Constitution.  The facts lie[]

>  within count one of the indictment and the court transcripts.
>
>  Ground Two: Whether the Petitioner is actually innocent of the conspiracy allegation of count one of the indictment. The facts lie[] within count one of the indictment and the court transcripts.
>
>  Ground Three:  Whether the U.S. District Court lacked subject matter jurisdiction over count one of the indictment.  The facts lie[] within count one of the indictment and the court transcripts.

(Pet. ¶ 17.)

In an attached memorandum of law, Petitioner asserts that counsel was deficient in refusing to argue that his plea was invalid since there was no conspiracy, and that the plea is invalid under Rule 11 because the conspiracy did not exist.

## **II.  DISCUSSION**

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. §

4

2255.[1]  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

In this case, because the sentencing court could have entertained, or did entertain and rejected, Petitioner's claims, § 2255 is not inadequate or ineffective for Petitioner's challenges to his detention.  See United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  This Court will therefore dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


          **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, U.S.D.J.

Dated:   **October 13**   , 2009

6